UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMIE WEDDLE,                          )<br>                                                     )<br>                    Plaintiff,           )<br>      vs.                                          )           1:07-cv-745-RLY-JMS<br>                                                     )<br>TROY THOMAS AND THE MONROE )<br>  COUNTY SHERIFF'S DEPARTMENT, )<br>                                                     )<br>                    Defendants.         ) | |

### Entry Discussing Motion to Dismiss Certain Claims

      This is a civil rights action brought by Jamie Weddle ("Weddle") against the Monroe County Sheriff's Department and against Deputy Sheriff Troy Thomas.

      Weddle's claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

      The motion to dismiss filed on July 24, 2007, challenges the sufficiency of the complaint as to certain claims and seeks the dismissal of those claims pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1960 (2007).

Under Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint states a claim for relief if it states grounds that entitle the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level, treating the factual allegations as true. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating in part *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." *Id.* at 1964-65.

With the foregoing background and standards for pleading having been reviewed, the court finds that the motion to dismiss must be **granted** for the reasons indicated.

- The claim against the Monroe County Sheriff's Department is legally insufficient because there is no allegation that any of the misconduct described in the complaint occurred as a result of a municipal policy or custom. *See Billings v. Madison Metro. Sch. Dist.,* 259 F.3d 807, 817 (7th Cir. 2001).

- The claim that the plaintiff's rights were violated when a female was not arrested is legally insufficient. *See Losinski v. County of Trempealeau,* 946 F.2d 544, 553 (7th Cir. 1991) (holding Wisconsin mandatory arrest law did not remove officer's discretion in first determining probable cause).

- The claim that Officer Thomas was verbally derogatory to the plaintiff does not state a legally sufficient claim. Although indefensible and unprofessional, verbal threats or abuse by a police officer, whether on-duty or off-duty, are not sufficient to state a constitutional violation cognizable under § 1983. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (derogatory remarks do not constitute a constitutional violation).

- The claim that the plaintiff was not *Mirandized* is legally insufficient because there is no allegation that any incriminating statements were made to police or that any such statements were used against him in court. *Hannon v. Sanner,* 441 F.3d 635, 636 (8th Cir. 2006)("'[T]he remedy for a Miranda violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action.'")(quoting *Warren v. City of Lincoln,* 864 F.2d 1436, 1442 (8th Cir. 1989)).

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). As to the claims identified above, no predicate constitutional violation has been stated.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 10/11/2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Jamie Weddle
Monroe County Jail
301 North College Avenue
Bloomington, IN 47404