**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

JAMIE WEDDLE,                              )
                                           )
                          Plaintiff,       )
            vs.                            )        1:07-cv-745-RLY-JMS
                                           )
TROY THOMAS,                               )
                                           )
                          Defendant.       )

**Entry Granting Motion for Summary Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment (dkt. 18) must be **granted**.

**I.      Background**

This is a civil rights action brought by Jamie Weddle ("Weddle") against Monroe County Deputy Sheriff Troy Thomas ("Deputy Thomas"). Weddle alleges that after arresting and taking Weddle to the Monroe County Jail ("Jail"), Deputy Thomas refused to arrange for medical care for Weddle, who had been stabbed several hours prior to his arrest.[1] Weddle seeks damages.[2]

Deputy Thomas seeks resolution of Weddle's claim through the entry of summary judgment. Weddle responded to that motion. Although the court informed Weddle that his response was inadequate by not containing the *statement of material facts in dispute* required by Local Rule 56.1(b) and by not containing any evidentiary material whatsoever, he has not supplemented that response as he was permitted to do.

---

[1]Certain other claims were dismissed as legally insufficient in the Entry of October 11, 2007.

[2]After his booking into the Jail and for the rest of the four weeks of confinement there, Weddle made no request for medical attention regarding his alleged stab wounds. His deposition testimony is that the wounds restrict none of his activities. He has never seen a doctor for them.

## II.     Summary Judgment Standard

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

As noted, Weddle responded to the motion for summary judgment. He did so principally with a series of essentially rhetorical references to the argument relied on by the defendant in seeking summary judgment. This discussion may illuminate features of the action which must be addressed, but is not itself sufficient to create a genuine issue of fact. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no reason to stray from the traditional remedy in this case, even recognizing that Weddle is proceeding without counsel here. By not responding properly, he has conceded Deputy Thomas' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Weddle was notified.[3] This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). Nonetheless, "[e]ven when a district court is proceeding on the basis of only one party's version of the facts, because of the local rules, it remains true that the underlying facts alleged must be taken in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in his favor." *Brengettcy v. Horton,* 423 F.3d 674, 681 (7th Cir. 2005).

---

[3]The court intends to enforce the requirements of Local Rule 56.1 in this and in every case. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules."*Koszola v. Bd. of Educ.,* 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and citation omitted); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Tatalovich v. City of Superior,* 904 F.2d 1135, 1140 (7th Cir. 1990) (holding that Wisconsin district court properly ignored nonmovant's affidavits because her proposed findings of fact failed to cite to them as required by court's procedural rules); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases).

## III.  Discussion

Deputy Thomas seeks resolution of the claim against him on various grounds, including the argument that Weddle failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA") prior to filing the action.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Construed in a manner reasonably most favorable to Weddle as the non-moving party, the evidence here shows the following:

(1) The Jail has adopted a grievance procedure for inmates seeking to present complaints about their treatment or the conditions of their confinement;

(2) Weddle's claim in this action is based on treatment that was within the scope of the Jail's grievance procedure;

(3) The grievance procedure was established through written instructions, the use of forms and the availability of steps to appeal an inmate's dissatisfaction with the resolution or response to his grievance at a previous level;

(4) All requests for administrative remedy are logged and tracked;

(5) This action was filed in the Monroe Circuit Court on May 24, 2007, and prior to the filing of the action, Weddle had not filed an administrative remedy request concerning his claim of denial of needed medical care.

Thus, Weddle failed to exhaust available administrative remedies prior to filing this action as required by the PLRA by filing an administrative remedy request with respect to his claim. Although Deputy Thomas was in the Jail only a brief time, the claim against him was subject to being addressed through the Jail's grievance procedures. Weddle did not use that process prior to filing this lawsuit. The consequence of these circumstances, in light

of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The motion for summary judgment (dkt. 18) is **granted,** and judgment consistent with this Entry shall now issue. It is not appropriate in these circumstances to reach Deputy Thomas' remaining arguments in support of his motion for summary judgment. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

     **IT IS SO ORDERED.**

Date:  04/01/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana